ORIGINAL

# In the United States Court of Federal Claims

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | | |
|---|---|---|---|
| **GPU NUCLEAR, INC.,** | | * | |
| | Plaintiff, | * | |
| v. | | * | No. 00-440C |
| **THE UNITED STATES,** | | * | (Filed Mar. 19, 2004) |
| | Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

FILED
MAR 1 9 2004
U.S. COURT OF FEDERAL CLAIMS

## ORDER

This case was transferred to the undersigned by order entered on March 8, 2004. As one of the many pending cases involving amendments to the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270 (2000), concerning the Department of Energy's obligations to accept spent nuclear fuel ("SNF") up to a specified limit, an amalgam of dispositive motions is on the docket, fully briefed and ready for decision, consideration of which was stayed by the partial stay imposed on April 16, 2003, by order of the Chief Judge. That order identified six "lead" or "accelerated" cases, several of which have proceeded to decision. (The undersigned transferred to the dockets of new judges one SNF case [Detroit Edison Co. v. United States, No. 02-926C], because it appeared unfair to the parties to delay ruling on pending motions when the cases that were proceeding were not "test" cases or otherwise binding on the parties.) By order entered on January 30, 2004, the Chief Judge lifted the stay in the SNF cases incident to denying defendant's periodically revived motion to consolidate all these cases.

The court is prepared to rule on plaintiff's Renewed Request for Partial Summary Judgment on Liability, Defendant's Motion To Dismiss Plaintiff's Claims Relating to Its TMI-1 Nuclear Facility for Lack of Standing, Defendant's Motions for Partial Summary Judgment Regarding Plaintiff's Greater than Class C Radioactive Waste Arguments and Regarding the Rate of Spent Nuclear Fuel Acceptance, and Plaintiff's Cross-Motion for Partial Summary Judgment on the Acceptance Rate. Oral argument is required with respect to Plaintiff's Cross-Motion for Partial Summary Judgment on the Acceptance Rate.

However, buried among the various motions and cross-motions is Plaintiff's Motion for Voluntary Dismissal Without Prejudice, or, in the Alternative, Motion To Amend Complaint and for a Stay, filed on April 10, 2003.* It appears that defendant intended to oppose this motion once the stay was lifted. Why defendant risks rejection of its standing argument, entry of more adverse rulings on liability, and another trial on damages at this time is puzzling, especially when defendant has failed to obtain an order that the cases proceed on a coordinated basis. Accordingly,

**IT IS ORDERED**, as follows:

1. A status conference shall be held at 11:00 a.m. on Friday, April 2, 2004, in the Howard T. Markey National Courts Building, to discuss plaintiff's motion for voluntary dismissal or to amend and stay, as well as the other pending motions.

2. A copy of this order was transmitted to counsel this date by facsimile transmission.

**Christine Odell Cook Miller**
Judge

* An order entered on May 7, 2003, did not purport to deny the motion on the merits.